SHORT RECORD
NO. 20-8032
FILED 11/2/20

No. 20-_____

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

---

MELISSA THORNLEY ET AL.,

*Plaintiffs-Respondents*,

v.

CLEARVIEW AI, INC.,

*Defendant-Petitioner.*

---

On Petition For Permission To Appeal
From The United States District Court
For The Northern District Of Illinois, Eastern Division
Case No. 20-cv-3843 – Hon. Sharon Johnson Coleman

---

## PETITION FOR PERMISSION TO APPEAL

---

David P. Saunders
Howard S. Suskin
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
hsuskin@jenner.com
dsaunders@jenner.com

Lee Wolosky
  *Counsel of Record*
Andrew J. Lichtman
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022
(212) 891-1600
lwolosky@jenner.com
alichtman@jenner.com

Floyd Abrams
Joel Kurtzberg
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, New York 10005
(212) 701-3000
fabrams@cahill.com
jkurtzberg@cahill.com

*Counsel for Defendant-Petitioner*

# TABLE OF CONTENTS

APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENTS ................... i

TABLE OF AUTHORITIES.................................................................................. viii

PETITION FOR PERMISSION TO APPEAL..................................................1

INTRODUCTION ...............................................................................................1

QUESTION PRESENTED ................................................................................3

BACKGROUND .................................................................................................4

    I.    Plaintiffs' First Complaint ......................................................4

    II.   Plaintiffs' Second Complaint...................................................5

    III.  Clearview's Removal and Plaintiffs' Motion to Remand....................................6

RELIEF SOUGHT .............................................................................................6

JURISDICTION .................................................................................................6

STANDARD OF REVIEW..................................................................................7

REASONS FOR GRANTING THE PETITION .................................................8

    I.    This Case Presents a Novel, Unsettled Question of Law that Warrants this Court's Review...............................................................8

    II.   The Petition Should Be Granted Because the Decision Below Conflicts with the Supreme Court Precedent.......................................10

    III.  This District Court's Remand Order Conflicts with this Court's Decision in *Bryant*...............................................................12

CONCLUSION ...................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bryant v. Compass Group USA, Inc.,*
 958 F.3d 617 (7th Cir. 2020) ............................................................*passim*

*Bullard v. Burlington Northern Santa Fe Railway Co.,*
 535 F.3d 759 (7th Cir. 2008) ...................................................................7

*College of Dental Surgeons of Puerto Rico v. Connecticut General Life
 Insurance Co.,*
 585 F.3d 33 (1st Cir. 2009)........................................................................8

*Dominion Energy, Inc. v. City of Warren Police & Fire Retirement
 System,*
 928 F.3d 325 (4th Cir. 2019) ............................................................... 7-8

*Griffith v. ContextMedia, Inc.,*
 235 F. Supp. 3d 1032 (N.D. Ill. 2016) ...................................................11

*Patel v. Facebook, Inc.,*
 932 F.3d 1264 (9th Cir. 2019) ................................................................11

*Sabrina Roppo v. Travelers Commercial Insurance Co.,*
 869 F.3d 568 (7th Cir. 2017) ...................................................................7

*Schur v. L.A. Weight Loss Centers, Inc.,*
 577 F.3d 752 (7th Cir. 2009) ...................................................................8

*Spokeo, Inc. v. Robins,*
 578 U.S. ___, 136 S. Ct. 1540 (2016) ........................................8, 10, 14

*Woodard v. Victory Records, Inc.,*
 No. 11 C 7594, 2016 WL 1270423 (N.D. Ill. Mar. 31, 2016) .............12

## Statutes and Rules

28 U.S.C. § 1332(d) ......................................................................................1

28 U.S.C. § 1453(c)(1)................................................................................1, 7

740 ILCS 14/15 .............................................................................................1

Fed. R. App. P. 5 ...........................................................................................1

## PETITION FOR PERMISSION TO APPEAL

Pursuant to 28 U.S.C. § 1453(c)(1) and Rule 5 of the Federal Rules of Appellate Procedure, Defendant-Petitioner Clearview AI, Inc. ("Clearview") petitions this Court for leave to appeal an order of the United States District Court for the Northern District of Illinois entered on October 23, 2020, A-1–A-4,[1] remanding a putative class action that was properly removed from Illinois state court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

## INTRODUCTION

This case warrants the Court's review because it presents a novel and important question of law regarding the jurisdiction of the federal courts. The jurisdictional issue arises out of a one-count complaint Plaintiffs filed in Illinois state court alleging that Clearview violated Section 15(c) of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15 ("BIPA"). Section 15(c) provides that a company may not "sell, lease, trade, or otherwise profit from a person's" biometric identifiers or information. Plaintiffs claim Clearview violated this provision by allegedly "[selling] access to … Plaintiffs' and the Class's biometric identifiers or biometric information included in the Clearview AI Database." *Thornley v. Clearview AI, Inc.*, No. 20-3843, ECF No.1-1 (the "Second Complaint") ¶ 34. Although this Court has resolved under what circumstances a plaintiff pursuing claims under Sections 15(a) and 15(b) of BIPA may have Article III standing,

---

[1] Pursuant to Federal Rule of Appellate Procedure 5(b)((1)(E), the district court's Memorandum Opinion and Order is appended to this Petition. All citations in this Petition to that Order shall read "A-__".

1

this Court has not yet addressed that critical question with respect to claims brought under Section 15(c) of BIPA.

This case presents that unaddressed question of law. Clearview timely removed Plaintiffs' one-count complaint to federal court. It is uncontested that the statutory criteria for removal under CAFA are satisfied: the putative class exceeds 100 members, there is minimal diversity, and the amount in controversy exceeds $5 million. But the district court nonetheless remanded this case to state court because it held that the alleged Section 15(c) violations do not present an Article III case or controversy.

This Court should grant the Petition, just as it did recently in *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020). In *Bryant*, after granting a petition for permission to appeal pursuant to Section 1453, this Court held that a plaintiff alleging a Section 15(b) violation, which governs the collection of a "person's" biometric data, alleges an Article III injury-in-fact because she is "asserting a violation of her own rights"— rather than a "bare procedural violation." 958 F.3d at 624. The Court contrasted Section 15(b) with Section 15(a), which "obligates private entities that collect biometric information to make publicly available a data retention schedule." *Id.* at 626. The Court explained that a Section 15(a) claim is different because it "alleges no particularized harm," for "the duty to disclose under section 15(a) is owed to the public generally, not to particular persons whose biometric information the entity collects." *Id.*

The Court should grant review because this case presents the issue *Bryant* did not: whether claims under Section 15(c) present a case or controversy for purposes of Article III, even when (as in this case), a plaintiff seeks only statutory damages, and

disavows actual damages. Under *Bryant*, it is plain that the district court erred. Just as Section 15(b) regulates the collection of a "person's" biometric identifiers—and unlike Section 15(a), which applies to the "public," rather than "particular persons"—Section 15(c) prohibits the sale of a "person's" biometric identifiers. An alleged violation of Section 15(c) thus is based on a purported "invasion" of Plaintiffs' "own rights," which establishes an injury-in-fact under Article III, regardless of whether Plaintiffs claim to have suffered actual damages. *Id.* at 624.

If this Court does not intervene now, there will be no further opportunity to review the decision below. This case will be remanded to state court, and Clearview will be permanently deprived of access to a federal forum. The Court should not countenance that result without first passing on the merits of Clearview's arguments. Moreover, this Court will lose an excellent vehicle to resolve the question presented, as Plaintiffs are pursuing only a single claim under Section 15(c) and the facts pleaded by the Plaintiffs bearing upon the question presented by this Petition are limited and straightforward.

In short, the Petition puts to the Court an appropriate vehicle for resolving an important and unsettled question of federal jurisdiction, which is likely to recur without the Court's intervention. Clearview respectfully requests that the Court grant its Petition and reverse the district court's Order.

## QUESTION PRESENTED

Whether Plaintiffs' alleged violations of Section 15(c) of BIPA constitute a concrete injury-in-fact sufficient to confer Article III standing.

# BACKGROUND

## I.  Plaintiffs' First Complaint

On March 19, 2020, after six other federal class actions already had been filed against Clearview,[2] Plaintiffs filed their class action complaint in the Circuit Court of Cook County, Illinois (the "First Complaint"). *See Thornley v. Clearview AI, Inc.*, No. 20-2916 (N.D. Ill.), ECF No. 1-1.

Like the previously filed federal complaints, Plaintiffs alleged that "Clearview AI built its Database of over three billion photographs by downloading every image it could access" on the internet "through a process known as 'scraping.'" First Compl. ¶ 26.[3] They also alleged that they "maintained social media accounts on the Facebook, Instagram, and Twitter social media platforms," and did not consent to or receive notice of Clearview's alleged "collection, capture, storage, and commercialization of [their] face geometry and/or face geometry-based vectors." *Id.* ¶¶ 53, 55.

The First Complaint alleged three BIPA violations: (1) Section 15(b), which provides that a company may not "collect, capture, purchase, receive through trade, or otherwise obtain" a person's biometric information without providing notice and obtaining informed consent (Count I); (2) Section 15(c), which provides that a company may not "sell, lease, trade, or otherwise profit from" a person's biometric information

---

[2] *See Mutnick v. Clearview AI, Inc.*, No. 1:20-cv-512 (N.D. Ill.)*; Roberson v. Clearview AI, Inc.*, No. 1:20-cv-111 (E.D. Va.); *Hall v. Clearview AI, Inc.*, No. 1:20-cv-846 (N.D. Ill.); *Calderon v. Clearview AI, Inc.*, No. 1:20-cv-1296 (S.D.N.Y.); *Burke v. Clearview, AI, Inc.*, No. 20-cv-370 (S.D. Cal.); *Broccolino v. Clearview AI, Inc.*, No. 1:20-cv-2222 (S.D.N.Y).

[3] Clearview has assumed the accuracy of Plaintiffs' allegations for purposes of this appeal only and does not concede the validity of any of Plaintiffs' claims or allegations.

(Count II); and (3) Section 15(a), which provides that a company "in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information" (Count III). *Id.* ¶¶ 75-96.

On May 15, 2020, Clearview removed the First Complaint to federal court under CAFA because the "putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million." No. 20-2916, ECF No. 1 at 1. Rather than proceeding in federal court, Plaintiffs voluntarily dismissed their complaint on May 21, 2020. No. 20-2916, ECF Nos. 13, 15.

## II. Plaintiffs' Second Complaint

On May 27, 2020, Plaintiffs commenced a new lawsuit against Clearview, once again in the Circuit Court of Cook County. Second Compl. The Second Complaint contains the same core allegations that appeared in the First Complaint. *See id.* ¶¶ 7–9, 12, 15. But in the Second Complaint, Plaintiffs brought only a single claim under Section 15(c).

Plaintiffs have not tried to hide that the decision to bring only a 15(c) claim was made in an effort to defeat federal subject matter jurisdiction by pleading around this Court's May 5, 2020 decision in *Bryant*. Indeed, to avoid *Bryant*, Plaintiffs have gone so far as to allege that they "suffered no injury" because they do not allege (1) "a photograph of [any] Class member was ever uploaded to the Clearview AI App by any user of the Clearview AI App"; (2) "any user of the Clearview AI App sought to use the Clearview AI App and Database to identify them"; and (3) "their biometric identifiers or biometric information in the Clearview AI Database were never disclosed to any users of the

Clearview AI App." *Id.* ¶ 25. They therefore seek statutory, but not actual, damages from the alleged sale of this information. *Id.*

## III.   Clearview's Removal and Plaintiffs' Motion to Remand

Notwithstanding Plaintiffs' attempt at artful pleading, Clearview again removed the action to federal court under CAFA. No. 20-3843, ECF No. 1. This time, Plaintiffs responded by filing a Motion to Remand. ECF No. 27. Plaintiffs did not contest the applicability of CAFA to their case. But they argued that their Second Complaint alleges no injury-in-fact and, thus, the federal courts did not have subject matter jurisdiction under Article III.

The district court agreed with Plaintiffs, and remanded the action to state court. A-4. Emphasizing that the Second Complaint "specifically stat[ed] that . . . the class members did not suffer any injury" and that the class members "seek only statutory damages and attorney's fees—not actual damages," the district court concluded, "[i]n the end, plaintiffs did not allege an injury-in-fact, and thus Clearview has failed to establish Article III standing." A-3–A-4.

## RELIEF SOUGHT

The Court should grant permission to appeal, order full briefing and oral argument, and reverse the district court's remand order. Alternatively, this Court should summarily vacate the district court's Order and remand for further proceedings.

## JURISDICTION

Under CAFA, "a court of appeals may accept an appeal from an order of a District Court granting or denying a motion to remand a class action to the State court from which

it was removed if application is made to the court of appeals not more than 10 days after entry of the order." 28 U.S.C. § 1453(c)(1). This Petition has been filed within ten days of the district court's October 23, 2020 Order. The Court thus has jurisdiction under Section 1453 to accept this appeal.

## STANDARD OF REVIEW

This Court has explained that it is appropriate to exercise its discretion to accept an appeal of an order remanding a class action removed under CAFA if the question presented is "novel or unsettled." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 585 n.53 (7th Cir. 2017); *see also Bullard v. Burlington N. Santa Fe Ry.*, 535 F.3d 759, 761 (7th Cir. 2008) ("We grant this petition, because the legal issue is novel. It has not been addressed in this or any other circuit."). This Court accepted a CAFA appeal in *Bryant* under identical circumstances as those present here. In *Bryant*, just as here, Petitioners requested that the Court examine whether a plaintiff bringing a BIPA claim "has suffered the kind of injury-in-fact that supports Article III standing." *Bryant*, 958 F.3d at 619.

That is not the only factor courts consider when weighing whether to grant appellate review pursuant to Section 1453. Other Circuits have considered factors such as whether the decision below is final enough to allow adequate review; whether the district court decision appears to be wrong or at least fairly debatable; whether the question will escape review if permission to appeal is denied; and the potential harm to the applicant should immediate appeal be denied weighed against the harm to the opposing party should immediate appeal be granted. *See Dominion Energy, Inc. v. City*

7

*of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 334 (4th Cir. 2019); *Coll. of Dental Surgeons of Puerto Rico v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 38 39 (1st Cir. 2009).

On the merits, this Court's review of the question presented would be *de novo* because it bears upon the subject matter jurisdiction of the federal courts. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

## REASONS FOR GRANTING THE PETITION

Based upon the standard set forth by the Supreme Court in *Spokeo, Inc. v. Robins*, 578 U.S. ___, 136 S. Ct. 1540 (2016), this Court agreed to hear a Section 1453 appeal from a CAFA remand order in *Bryant* and resolved that claims brought pursuant to Section 15(a) of BIPA are not sufficiently concrete to demonstrate an injury-in-fact for purposes of Article III, while claims brought pursuant to Section 15(b) of BIPA are sufficiently concrete. This case presents a question *Bryant* did not address—whether an allegation that a defendant violated Section 15(c) of BIPA is, like claims brought under Section 15(b), sufficiently concrete to confer Article III standing. Because that unaddressed question of law is one that this Court should resolve, the Petition should be granted.

## I.    This Case Presents a Novel, Unsettled Question of Law that Warrants this Court's Review.

Before the district court's ruling in this case, and after this Court's ruling in *Bryant*, no other court had addressed whether the federal courts have Article III jurisdiction over claims brought pursuant to Section 15(c) of BIPA. That alone makes this case worthy of the Court's review. As this Court has made clear, when a lower court remands a case removed under CAFA, it is appropriate for this Court to grant review

pursuant to Section 1453 if the lower court decision turns on a novel, unsettled question of law. That is precisely the circumstance here.

But there is more. The issue of whether there is Article III standing to bring claims for violations of section 15(c) of BIPA is likely to recur. If the Court chooses not to address the issue presented in this Petition, it is probable that a similar rift regarding the existence of jurisdiction will open up at the district court level, as happened in connection with BIPA 15(a) and 15(b) claims before *Bryant*. This case presents the Court with an opportunity to avoid that potential rift and the resulting judicial inefficiencies. BIPA has been the subject of much litigation in recent years, in both the federal and state courts of Illinois. The district court's decision, if allowed to stand, would serve as an invitation for future BIPA plaintiffs to try and plead around federal jurisdiction, with defendants likely to continue contesting that analysis until this Court weighs in.

This Petition presents the best and most immediate opportunity this Court will have to review the question presented. If the Court denies permission to appeal, Clearview will be deprived of any opportunity to be heard by this Court on this significant question and of the federal forum to which it is entitled. There is no equity in that result. Moreover, there is no certainty as to when this question presented will arise again in so pristine a vehicle. This case involves but a single claim—the Section 15(c) claim—with little in the way of unique factual character. So just as the Court granted review in *Bryant*, it should do so here.

The question presented thus is unresolved, important, squarely presented, and will go unreviewed if the Court does not intervene. Resolution of the jurisdictional

question presented will also serve the efficiency of justice by giving clear direction to the district courts. The Petition should be granted.

## II.     The Petition Should Be Granted Because the Decision Below Conflicts with the Supreme Court Precedent.

In *Spokeo, Inc. v. Robins*, the Supreme Court observed that legislatures may "elevate to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." 136 S. Ct. at 1549. The Court further explained that where the violation of a law amounts to "a bare procedural violation, divorced from any concrete harm," there is not an injury-in-fact sufficient to satisfy the requirements of Article III. *Id.* Rather, such an injury "must be both concrete *and* particularized." *Id*. at 1548 (emphasis in original). For the injury to be "concrete," it must actually exist, but it need not be "tangible." *Id.* at 1549. And for the injury "to be particularized, it must affect the plaintiff in a personal and individual way." *Id*. at 1548 (internal quotation marks omitted).

This Court in *Bryant* properly recognized that BIPA is just such a law. And in analyzing whether the injuries BIPA makes cognizable as a matter of Illinois state law rise to the level of Article III injuries-in-fact, this Court highlighted Justice Thomas's *Spokeo* concurrence. In *Spokeo*, Justice Thomas "drew a useful distinction between two types of injuries." *Bryant*, 958 F.3d at 624. "The first … arises when a private plaintiff asserts a violation of her own rights," such as "actions for trespass, infringement of intellectual property rights, and unjust enrichment." *Id.* "[T]he second occurs when a private plaintiff seeks to vindicate public rights," as in "actions seeking to abate a public nuisance, or disputes over the use of public land." *Id.* (citing *Spokeo*, 136 S. Ct. at 1551–52).

10

Relying on the dichotomy identified by Justice Thomas, this Court in *Bryant* distinguished BIPA Section 15(a) from Section 15(b). With respect to Section 15(b) claims, this Court held that there was federal jurisdiction because "Bryant was asserting a violation of her own rights—her fingerprints, her private information—and that … is enough to show injury-in-fact without further tangible consequences. This was no bare procedural violation; it was an invasion of her private domain, much like an act of trespass would be." *Id.* at 624. The Court continued that, "[i]f we instead analyze this case as a type of informational injury, we come to the same conclusion." *Id.*; *see also Patel v. Facebook, Inc.*, 932 F.3d 1264, 1273 (9th Cir. 2019) (concluding that plaintiffs sufficiently alleged a concrete injury for standing purposes when they claimed that Facebook violated BIPA by using facial recognition technology without informed consent).

In contrast to her Section 15(b) claim, *Bryant* held that the plaintiff "alleges no particularized harm that resulted from Compass's violation of section 15(a)," which "obligates private entities that collect biometric information to make publicly available a data retention schedule." 958 F.3d at 626. "In contrast to the obligations set forth under section 15(b), the duty to disclose under section 15(a) is owed to the public generally, not to particular persons whose biometric information the entity collects." *Id.*

That analysis is consistent with other cases arising from alleged statutory violations of personal privacy and other intangible rights. *E.g. Griffith v. ContextMedia, Inc.*, 235 F. Supp. 3d 1032, 1033–35 (N.D. Ill. 2016) (holding that because Congress sought to protect consumers from "an encroachment" on "the freedom of consumers to choose how their telephones are used," receipt of unwanted text messages in violation of the

11

Telephone Consumer Protection Act constitutes injury to privacy sufficient to confer Article III standing); *Woodard v. Victory Records, Inc.*, No. 11 C 7594, 2016 WL 1270423, at *10 (N.D. Ill. Mar. 31, 2016) (federal court had jurisdiction over suit regarding violation of right of publicity under Illinois Right of Publicity Act, even though plaintiffs could not show "actual damages").

The common thread throughout these cases is that Article III standing existed, even though the harm was not a physical, monetary, or tangible injury—rather, the loss of the plaintiffs' ability to control information that was their own or to protect their own privacy interests. The district court's decision, which contains but a passing reference to *Spokeo*, A-2, never even addresses the core holding of *Spokeo*. It nonetheless held that Plaintiffs here did not allege an Article III injury because they did not allege actual damages. But nothing about *Spokeo* turns on the nature of the damages that are alleged. Put simply, it does not matter that Plaintiffs claim to have suffered no actual damages. Rather, as this Court recognized in *Bryant*, the question of standing turns on whether the statutory *harm* that is alleged is individualized or public. Because the harm Plaintiffs allege plainly is individualized, the district court's decision is squarely at odds with Supreme Court precedent and the body of lower court precedent faithfully applying the *Spokeo* standard.

## III.   This District Court's Remand Order Conflicts with this Court's Decision in *Bryant*.

The district court's decision also is contrary to this Court's holding in *Bryant*. With respect to Article III standing for BIPA claims, this Court in *Bryant* distinguished between allegations of Section 15(a) violations and allegations of Section 15(b) violations

based upon whether the duty owed under each section was to individuals or the public at large. By that standard, the closely related question that this Court did not address in *Bryant*—whether a claim under Section 15(c) is cognizable under Article III, even when no actual damages are alleged—is an easy one to resolve: the federal courts have jurisdiction over such claims brought under Section 15(c) of BIPA.

*First*, in every way that matters for purposes of this Petition, Section 15(c) is the same as Section 15(b). Like Section 15(b), which regulates the collection of "person's" biometric identifiers—a violation of which gave rise to an alleged injury in *Bryant*— Section 15(c) prohibits the sale of a "person's" biometric identifiers. Thus, the alleged violation of Section 15(c) here, just like the alleged violation of 15(b) in *Bryant*, is based on an "invasion" of Plaintiffs' "own rights." *Bryant*, 958 F.3d at 624.

*Second*, there are fundamental differences between BIPA Section 15(a) and Section 15(c). As the *Bryant* court explained, Section 15(a) explicitly requires a company to develop a retention schedule that is "available to the public." *Id.* at 626. Thus, the duty is "owed to the *public generally*, not to particular persons whose biometric information the entity collects." *Id.* (emphasis added). In contrast, an alleged violation of Section 15(c) is based on the sale of a "person's" biometric identifiers; it does not protect the rights of the "public generally."

The district court, however, reached the opposite conclusion because it did not hew to the framework outlined by Justice Thomas and adopted by this Court in *Bryant*. The district court's opinion did not include any discussion of whether section 15(c) of BIPA protects private or public rights. And despite quoting *Bryant*'s holding that violating

section 15(b) of BIPA "inflicted the concrete injury BIPA intended to protect against, *i.e.* a consumer's loss of the power and ability to make informed decisions about the collection, storage, and use of her biometric information," A-2–A-3 (quoting *Bryant*, 958 F.3d at 627), the district court did not evaluate whether an alleged violation of section 15(c) of BIPA – without any attendant actual harm – inflicted the concrete injury BIPA intended to protect against.

Instead, the district court focused on the fact that the complaint "specifically stat[ed] that . . . the class members did not suffer any injury" and that class members "seek only statutory damages and attorney's fees—not actual damages." A-3. But those facts alone are not enough to avoid Article III standing under *Bryant*, which held that the collection of the plaintiff's fingerprints without her consent was "enough to show injury-in-fact *without further tangible consequences*." 958 F.3d at 624 (emphasis added). This conclusion flows from *Spokeo* itself, which instructs that, to allege an injury-in-fact, a plaintiff "need not allege any *additional* harm beyond the one [the legislature] has identified." 136 S. Ct. at 1549 (emphasis in original). Here too, Section 15(c) provides that a private entity may not "sell, lease, trade, or otherwise profit from" a person's biometric identifier or information. The injury occurs (if at all) when a private entity sells or profits from a person's biometric identifiers or information—not at some point later in time or based on some additional harm.

Plaintiffs' allegations thus are sufficient to plead an injury-in-fact because they allege that Clearview "*sold* access to Plaintiffs' and the Class's biometric identifiers or biometric information in the Clearview AI Database to customers based in Illinois or

14

*otherwise profited* in Illinois from Plaintiffs' and the Class's biometric identifiers or biometric information included in the Clearview AI Database." Second Compl. ¶ 34 (emphasis added). Just as in *Bryant*, Plaintiffs' alleged violation of Section 15(c), without any additional, and subsequent injury, is "enough to show injury-in-fact without further tangible consequences." 958 F.3d at 624. What is more, if violations of section 15(c) of BIPA are treated differently for Article III standing purposes from violations of section 15(b), there is no clear rule for what allegations are sufficient for standing in any context where a complaint alleges statutory violations. The proper answer is that the Section 15(c) injury alleged here is both concrete (*i.e.*, an injury that BIPA was enacted to address) and particularized (*i.e.*, it affects the Plaintiffs in a personal and individual way). The district court's remand order should therefore be reversed.

## CONCLUSION

Defendant-Petitioner respectfully requests that the Court grant permission to appeal, set the case for full briefing and oral argument, and reverse the remand order. In the alternative, Defendant-Petitioner respectfully requests that the Court summarily vacate the order and remand to the district court for further proceedings.

Dated: November 2, 2020

David P. Saunders
Howard S. Suskin
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
hsuskin@jenner.com
dsaunders@jenner.com

Respectfully submitted,

*/s/ Lee Wolosky*

Lee Wolosky
  *Counsel of Record*
Andrew J. Lichtman
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022
(212) 891-1600
lwolosky@jenner.com
alichtman@jenner.com

Floyd Abrams
Joel Kurtzberg
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, New York 10005
(212) 701-3000
fabrams@cahill.com
jkurtzberg@cahill.com

*Counsel for Defendant-Petitioner Clearview AI, Inc.*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

1.　　This Petition complies with the word limitations of Rule 5(c)(1) of the Federal Rules of Appellate Procedure because this Petition contains 4,134 words.

2.　　This Petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and Circuit Rule 32 and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this Petition has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in 12 point Century Expanded LT Std font for the main text and footnotes.

Dated: November 2, 2020　　　　　　　　/s/ Lee Wolosky
　　　　　　　　　　　　　　　　　　　Lee Wolosky

## CERTIFICATE OF SERVICE

I, Lee Wolosky, an attorney, hereby certify that on November 2, 2020, I caused the foregoing **Petition For Permission To Appeal** to be electronically filed with the Clerk of the Court for the United States Court Of Appeals for the Seventh Circuit via electronic mail to the Court's email address USCA7_clerk@ca7.uscourts.gov. I further certify that all counsel of record in the underlying case in the Northern District of Illinois, No. 20-cv-3843, will be served via electronic mail on November 2, 2020, and by UPS overnight delivery, delivery charge prepaid, by delivering the filing to a UPS receptacle at 353 N. Clark St. Chicago, Illinois on November 2, 2020.

Daniel M. Feeney
Zachary J. Freeman
Miller Shakman Levine & Feldman LLP
180 North LaSalle Street, Suite 3600
Chicago, IL 60601
(312) 263-3700
dfeeney@millershakman.com
zfreeman@millershakman.com

David S. Golub
Steven L. Bloch
Silver Golub & Teitell LLP
Stamford, CT 06901
(203) 325-4491
dgolub@sgtlaw.com
sbloch@sgtlaw.com

Kevin M. Forde
Brian P. O'Meara
Kevin R. Malloy
Forde & O'Meara LLP
111 West Washington Street
Suite 1100
Chicago, IL 60602
(312) 641-1441
kforde@fordellp.com
bomeara@fordellp.com
kmalloy@fordellp.com

/s/ Lee Wolosky
Lee Wolosky

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MELISSA THORNLEY, et al., | ) | |
| | ) | Case No. 20-cv-3843 |
| Plaintiffs, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| CLEARVIEW AI, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On May 27, 2020, plaintiffs brought this putative class action lawsuit in the Circuit Court of Cook County, Illinois, Chancery Division, after which Defendant Clearview AI, Inc. removed it to this Court based on the Class Action Fairness Act, 28 U.S.C .§ 1332(d).  Before the Court is plaintiffs' motion to remand pursuant to 28 U.S.C. § 1447(c).  For the reasons stated below, the Court grants plaintiffs' motion and remands this lawsuit to the Circuit Court of Cook County.

**Background**

Plaintiffs bring a one-count putative class action complaint under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), a consumer privacy statute.  In their complaint, plaintiffs allege that Clearview is an artificial intelligence company that secretly created a database of over three billion facial scans.  Clearview created a facial recognition application by scraping photographs posted on social media platforms, among other sources.

Unlike plaintiffs in other recent lawsuits against Clearview,[1] the present plaintiffs do not seek damages based on actual injury for violations of 740 ILCS 14/15(b).  Instead, plaintiffs bring their lawsuit under 740 ILCS 14/15(c) that provides: "No private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a

---

[1] *See Mutnick v. Clearview AI, Inc., et al.*, 20-cv-0512.

customer's biometric identifier or biometric information." More specifically, Plaintiffs do not base their lawsuit on Clearview scraping their photographs from public sources, converting their photographs into biometric facial scans, and disclosing biometric facial scans, which would have required certain disclosures and plaintiffs' consent under BIPA § 15(b). Rather, they are seeking only statutory damages and attorney's fees for the sale of their biometric information.

**Discussion**

In their motion to remand, plaintiffs argue that the Court does not have subject matter jurisdiction over their lawsuit based on the lack of Article III standing. As the proponent of subject matter jurisdiction, Clearview must establish: (1) plaintiffs suffered an actual or imminent, concrete and particularized injury-in-fact; (2) a causal connection between the injury and the challenged conduct; and (3) the likelihood the injury will be redressed by a favorable decision. *Speech First, Inc. v. Killeen,* 968 F.3d 628, 638 (7th Cir. 2020).

Plaintiffs argue that Clearview cannot establish they suffered an injury-in-fact because "a bare procedural violation, divorced from any concrete harm," does not "satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549 (2016). Plaintiffs point to a recent Seventh Circuit decision discussing BIPA and Article III standing, *see Bryant v. Compass Group USA, Inc.,* 958 F.3d 617, 621 (7th Cir. 2020), to support their argument.

In *Bryant*, the Seventh Circuit considered whether the plaintiff had standing to bring claims under §§ 15(a) and 15(b) of BIPA. In doing so, the *Bryant* court first held that the plaintiff had alleged sufficient factual details of a concrete, particularized injury-in-fact satisfying Article III standing concerning her § 15(b) claim based on defendant's failure to make the required disclosures and failure to obtain plaintiff's informed written consent before collecting her biometric data. The Seventh Circuit concluded that by failing to comply with these requirements, defendant "inflicted the concrete injury BIPA intended to protect against, *i.e.* a consumer's loss of the power and ability

to make informed decisions about the collection, storage, and use of her biometric information." *Id.* at 627. As to plaintiff's allegations under BIPA § 15(a), namely, that defendant failed to publicize a data-retention policy and guidelines for destroying biometric information, the Seventh Circuit concluded this duty is not owed to the plaintiff, but to the general public. *Id.* at 626. The *Bryant* panel thus concluded that plaintiff did not suffer a concrete or particularized injury-in-fact under § 15(a). *Id.*

  With this guidance in mind, the Court's inquiry is whether the present plaintiffs alleged Clearview's sale of their biometric information under BIPA § 15(c) caused them a concrete, particularized harm, which is a fact-specific analysis. *See Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 588 (7th Cir. 2016). In their complaint, plaintiffs purposely narrowed their claim by setting a class period from January 1, 2016 to January 17, 2020, specifically stating that that the class members did not suffer any injury under § 15(c) "other than statutory aggrievement." Class members are citizens of Illinois and seek only statutory damages and attorney's fees – not actual damages. Plaintiffs' § 15(c) allegations fit under BIPA's statutory scheme, especially in light of the Illinois Supreme Court's holding that "an individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an 'aggrieved' person." *Rosenbach v. Six Flags Enter. Corp.,* 129 N.E.3d 1197, 1207, 432 Ill.Dec. 654, 664 (Ill. 2019).

  Despite Clearview's arguments that plaintiffs are attempting to manipulate their claims, as with all lawsuits, a plaintiff is the master of her own complaint. Plaintiffs purposely narrowed their claim to the general prohibition of Clearview selling and profiting from plaintiffs' biometric data and filed their lawsuit in state court where such actions are allowed without the constraints of Article III standing. *Protect Our Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 731 (7th Cir. 2020) ("Article III does not apply to the states, so 'state courts are not bound by the limitations of a case or

controversy or other federal rules of justiciability.'") (citation omitted).  In the end, plaintiffs did not

allege an injury-in-fact, and thus Clearview has failed to establish Article III standing.

**Conclusion**

Based on the foregoing, the Court grants plaintiffs' motion to remand to the Circuit Court

of Cook County, Illinois, Chancery Division.  [27]  Civil case terminated.

**IT IS SO ORDERED.**

Date: 10/23/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4

A-4

REMAND,TERMED,VALDEZ

# United States District Court
# Northern District of Illinois - CM/ECF LIVE, Ver 6.3.3 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:20-cv-03843

Thornley et al v. Clearview AI, Inc.

Assigned to: Honorable Sharon Johnson Coleman

Case in other court: The Circuit Court of Cook County,
  2020CH04348

Cause: 28:1332 Diversity-Petition for Removal

Date Filed: 06/30/2020
Date Terminated: 10/23/2020
Jury Demand: Both
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Melissa Thornley**                    represented by    **Daniel Martin Feeney**
Miller Shakman Levine & Feldman LLP
180 North LaSalle Street
Suite 3600
Chicago, IL 60601
(312) 263-3700
Email: dfeeney@millershakman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David S. Golub**
Silver Golub & Teitell LLP
184 Atlantic Street
PO Box 389
Stamford, CT 06904
(203) 325-4491
Email: dgolub@sgtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven L Bloch**
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06901
(203) 325-4491
Email: sbloch@sgtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian Patrick O'Meara**
Forde & O'Meara LLP
111 West Washington Street
#1100
Chicago, IL 60602
(312) 641-1441
Email: bomeara@fordellp.com

                        *ATTORNEY TO BE NOTICED*

**Kevin Michael Forde**
Forde & O'Meara LLP
111 West Washington Street
Suite 1100
Chicago, IL 60602
(312) 641-1441
Email: kforde@fordellp.com
*ATTORNEY TO BE NOTICED*

**Kevin R. Malloy**
Forde & O'Meara LLP
111 West Washington Street
Suite 1100
Chicago, IL 60602
(312) 641-1441
Email: kmalloy@fordellp.com
*ATTORNEY TO BE NOTICED*

**Zachary J. Freeman**
Miller Shakman Levine & Feldman LLP
180 N. LaSalle Street, Suite 3600
Chicago, IL 60601
312-263-3700
Email: zfreeman@millershakman.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Deborah Benjamin-Koller**              represented by  **Daniel Martin Feeney**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David S. Golub**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven L Bloch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian Patrick O'Meara**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Michael Forde**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Kevin R. Malloy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zachary J. Freeman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Josue Herrera**                    represented by **Daniel Martin Feeney**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **David S. Golub**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Steven L Bloch**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Brian Patrick O'Meara**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Kevin Michael Forde**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Kevin R. Malloy**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Zachary J. Freeman**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Clearview AI, Inc.**                represented by **Andrew J Lichtman**
                                                     Jenner & Block LLP
                                                     919 Third Avenue
                                                     New York, NY 10022
                                                     (212) 891-1644

Email: ALichtman@jenner.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David P. Saunders**
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
312 923 8388
Email: dsaunders@jenner.com
*ATTORNEY TO BE NOTICED*

**Howard Steven Suskin**
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
(312)222-9350
Email: hsuskin@jenner.com
*ATTORNEY TO BE NOTICED*

**Lee Wolosky**
Jenner & Block LLP
919 Third Avenue
38th Floor
New York, NY 10022
(212) 891-1628
Email: lwolosky@jenner.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/30/2020 | 1 | NOTICE of Removal from Circuit Court of Cook County, case number (2020CH04348) filed by Clearview AI, Inc. Filing fee $ 400, receipt number 0752-17160518. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Declaration of Thomas Mulcaire) (Saunders, David) (Entered: 06/30/2020) |
| 06/30/2020 | 2 | CIVIL Cover Sheet (Saunders, David) (Entered: 06/30/2020) |
| 06/30/2020 | 3 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Clearview AI, Inc. (Saunders, David) (Entered: 06/30/2020) |
| 06/30/2020 | 4 | ATTORNEY Appearance for Defendant Clearview AI, Inc. by David Prescott Saunders (Saunders, David) (Entered: 06/30/2020) |
| 06/30/2020 | 5 | ATTORNEY Appearance for Defendant Clearview AI, Inc. by Howard Steven Suskin (Suskin, Howard) (Entered: 06/30/2020) |
| 06/30/2020 | | CASE ASSIGNED to the Honorable Marvin E. Aspen. Designated as Magistrate Judge the Honorable Beth W. Jantz. Case assignment: Random assignment. (gw, ) (Entered: 06/30/2020) |

| 07/01/2020 | 6 | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable John J. Tharp, Jr for all further proceedings pursuant to the provisions of 28 USC 294(b). Honorable Marvin E. Aspen no longer assigned to the case. Signed by Executive Committee on 7/1/2020. (td, ) (Entered: 07/01/2020) |
|---|---|---|
| 07/02/2020 | 7 | ATTORNEY Appearance for Plaintiffs Deborah Benjamin-Koller, Josue Herrera, Melissa Thornley by Daniel Martin Feeney (Feeney, Daniel) (Entered: 07/02/2020) |
| 07/02/2020 | 8 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-17168556. *for Clearview AI, Inc.* (Lichtman, Andrew) (Entered: 07/02/2020) |
| 07/02/2020 | 9 | ATTORNEY Appearance for Plaintiffs Deborah Benjamin-Koller, Josue Herrera, Melissa Thornley by Zachary J. Freeman (Freeman, Zachary) (Entered: 07/02/2020) |
| 07/02/2020 | 10 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-17168640. *for Clearview AI, Inc.* (Wolosky, Lee) (Entered: 07/02/2020) |
| 07/02/2020 | 11 | ATTORNEY Appearance for Plaintiffs Deborah Benjamin-Koller, Josue Herrera, Melissa Thornley by Kevin Michael Forde (Forde, Kevin) (Entered: 07/02/2020) |
| 07/02/2020 | 12 | ATTORNEY Appearance for Plaintiffs Deborah Benjamin-Koller, Josue Herrera, Melissa Thornley by Brian Patrick O'Meara (O'Meara, Brian) (Entered: 07/02/2020) |
| 07/02/2020 | 13 | ATTORNEY Appearance for Plaintiffs Deborah Benjamin-Koller, Josue Herrera, Melissa Thornley by Kevin R. Malloy (Malloy, Kevin) (Entered: 07/02/2020) |
| 07/06/2020 | 14 | MOTION by Defendant Clearview AI, Inc. to set a briefing schedule *(Agreed)* (Saunders, David) (Entered: 07/06/2020) |
| 07/07/2020 | 15 | MINUTE entry before the Honorable John J. Tharp, Jr:Attorneys Andrew J. Lichtman's and Lee S. Wolosky's motions for leave to appear pro hac vice 8 10 are granted. No appearances on the motions are required. Counsel are directed to file their appearances on behalf of the defendant. A telephonic status hearing will be held on 7/10/20 at 1:15 p.m. Directions for counsel and the parties for participating in the telephonic hearing will be provided by email prior to the hearing. Counsel are instructed to use those directions, which require logging into the call via a web site. Members of the public and media who wish to listen to this hearing may call in to the hearing by dialing 877-848-7030 and, upon prompting, entering the access code: 5784864. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (air, ) (Entered: 07/07/2020) |
| 07/08/2020 | 16 | ATTORNEY Appearance for Defendant Clearview AI, Inc. by Lee Wolosky (Wolosky, Lee) (Entered: 07/08/2020) |
| 07/08/2020 | 17 | ATTORNEY Appearance for Defendant Clearview AI, Inc. by Andrew J Lichtman (Lichtman, Andrew) (Entered: 07/08/2020) |
| 07/09/2020 | 18 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-17186926. (Golub, David) (Entered: 07/09/2020) |
| 07/09/2020 | 19 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-17188971. (Bloch, Steven) (Entered: 07/09/2020) |

| | | |
|---|---|---|
| 07/10/2020 | 20 | MINUTE entry before the Honorable John J. Tharp, Jr:Attorney David S. Golub and Steven L. Bloch's motions for leave to appear pro hac vice 18 19 are granted. No appearance on the motions required. Counsel are directed to file their appearances. Mailed notice (air, ) (Entered: 07/10/2020) |
| 07/10/2020 | 21 | ATTORNEY Appearance for Plaintiffs Deborah Benjamin-Koller, Josue Herrera, Melissa Thornley by David S. Golub (Golub, David) (Entered: 07/10/2020) |
| 07/10/2020 | 22 | ATTORNEY Appearance for Plaintiffs Deborah Benjamin-Koller, Josue Herrera, Melissa Thornley by Steven L Bloch (Bloch, Steven) (Entered: 07/10/2020) |
| 07/10/2020 | 23 | ATTORNEY Appearance for Plaintiffs Deborah Benjamin-Koller, Josue Herrera, Melissa Thornley by David S. Golub (Golub, David) (Entered: 07/10/2020) |
| 07/10/2020 | 24 | ORDER Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in-person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020: Mailed notice. (Clerk10, Docket) (Entered: 07/10/2020) |
| 07/10/2020 | 25 | MINUTE entry before the Honorable John J. Tharp, Jr:Telephone conference held. The parties' agreed motion for a scheduling order 14 is granted. Plaintiffs' motion to remand is due by 7/23/20; Defendant's response is due by 8/13/20; Plaintiffs' reply is due by 8/24/20. Mailed notice (air, ) (Entered: 07/10/2020) |
| 07/14/2020 | 26 | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable Sharon Johnson Coleman for all further proceedings, pursuant to Local Rule 40.4. Honorable John J. Tharp, Jr no longer assigned to the case. Signed by Executive Committee on 7/14/2020. (lma, ) (Entered: 07/15/2020) |
| 07/21/2020 | 27 | MOTION by Plaintiffs Deborah Benjamin-Koller, Josue Herrera, Melissa Thornley to remand (Freeman, Zachary) (Entered: 07/21/2020) |
| 07/21/2020 | 28 | MEMORANDUM by Deborah Benjamin-Koller, Josue Herrera, Melissa Thornley in support of motion to remand 27 (Freeman, Zachary) (Entered: 07/21/2020) |
| 07/21/2020 | 29 | RESPONSE by Plaintiffs Deborah Benjamin-Koller, Josue Herrera, Melissa Thornley *to Motion to Consolidate Filed by Mutnick Plaintiffs in Case No. 20-CV-512* (Freeman, Zachary) (Entered: 07/21/2020) |
| 07/28/2020 | 30 | MAIL RETURNED, for document # 25 sent to David S. Golub returned as undeliverable, return to sender. No new contact information received; therefore future mailings will not be sent until a new address is provided to the Clerk's Office using a Notification of Change of Address or Pro Se Appearance form (lma, ) (Entered: 08/03/2020) |
| 08/13/2020 | 31 | MEMORANDUM by Clearview AI, Inc. in Opposition to motion to remand 27 (Attachments: # 1 Appendix - Unpublished Cases)(Wolosky, Lee) (Entered: 08/13/2020) |
| 08/18/2020 | 32 | MOTION by Defendant Clearview AI, Inc. to transfer case */ Motion of the Clearview Defendants for Transfer of Actions to the Southern District of New York Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings* (Attachments: # 1 Brief, # 2 Schedule of Actions, # 3 Exhibit 1 - Declaration of Richard Schwartz, # 4 |

| | | |
|---|---|---|
| | | Exhibit 2 - Declaration of Hoan Ton-That, # 5 Proof of Service, # 6 ILN 1:20-512, # 7 ILN 1:20-846, # 8 ILN 1:20-2989, # 9 ILN 1:20-3843, # 10 NYS 1:20-1296, # 11 NYS 1:20-2222, # 12 NYS 1:20-3053, # 13 NYS 1:20-3104, # 14 NYS 1:20-3481, # 15 NYS 1:20-3705)(Wolosky, Lee) (Entered: 08/18/2020) |
| 08/18/2020 | 33 | MINUTE entry before the Honorable Sharon Johnson Coleman: The Court enters defendants' motion to transfer the case 32 . Mailed notice. (ym, ) (Entered: 08/18/2020) |
| 08/24/2020 | 34 | REPLY by Plaintiffs Deborah Benjamin-Koller, Josue Herrera, Melissa Thornley to memorandum in opposition to motion 31 , motion to remand 27 , memorandum in support of motion 28 (Freeman, Zachary) (Entered: 08/24/2020) |
| 10/12/2020 | 35 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Clearview AI, Inc. *(Amended)* (Wolosky, Lee) (Entered: 10/12/2020) |
| 10/23/2020 | 36 | MDL 2966 NOTICE OF HEARING SESSION.(gcy, ) (Entered: 10/23/2020) |
| 10/23/2020 | 37 | MEMORANDUM Opinion and Order: The Court grants plaintiffs' motion to remand to the Circuit Court of Cook County, Illinois, Chancery Division. 27 Civil case terminated. Signed by the Honorable Sharon Johnson Coleman on 10/23/2020. Mailed notice. (ym, ) (Entered: 10/23/2020) |
| 10/23/2020 | 38 | MINUTE entry before the Honorable Sharon Johnson Coleman: Defendants' motion to transfer case 32 is denied as moot. Mailed notice. (ym, ) (Entered: 10/23/2020) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/03/2020 15:12:59 | | | |
| PACER Login: | us4852us:5699723:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:20-cv-03843 |
| Billable Pages: | 6 | Cost: | 0.60 |
| Exempt flag: | Exempt | Exempt reason: | Always |

**PACER fee: Exempt**